[Civ. No. 771.   Fifth Dist.   July 25, 1967.]

COUNTY OF SAN JOAQUIN, Plaintiff and Respondent, v. ERNEST GALLETTI et al., Defendants and Appellants.

Mazzera, Snyder & DeMartini and William J. Mazzera for Defendants and Appellants.

Richard W. Dickenson, County Counsel, Robley E. George, Assistant County Counsel, and Richard W. Johnson, Deputy County Counsel, for Plaintiff and Respondent.

STONE, J.—Defendants appeal from an award of $26,500 in a condemnation action wherein plaintiff county sought 10 acres of defendants' 27-acre tract. The appeal rests solely upon the alleged error of the trial court in refusing to hear testimony, outside the presence of the jury, to prove that a letter

written on behalf of plaintiff county to the defendants constituted a statement of value and as such should be admitted in evidence.

A first letter, which is not the basis of the appeal, was written some 18 months prior to the filing of the condemnation action by the county counsel and addressed to defendant Galletti. This letter revealed that the county was interested in buying 10 acres of defendants' property for a park site, and explained the purchase procedure required by law. On February 15, 1963, a followup letter was written to Mr. Galletti by the county administrator, C. P. Kenyon. This appeal centers about the second letter, which reads as follows: "The Park Site and Recreation Committee reported to the Board of Supervisors at their February 13 meeting relative to the three meetings held with you as owner of one of the sites selected by the Planning Department and approved by the Board of Supervisors for a neighborhood park site.

"It was explained to the Board that an appraisal had been made and the appraiser had submitted his appraisal of $22,500 for the ten acres. It was also indicated to the Board that your price is $60,000.

"Supervisor Perino, as Chairman of this Committee, discussed the possibility of the Board paying a total of $40 000 for the ten acres and requested the Board to forgive the dedication of any additional land from the seventeen acres you are proposing to subdivide due to the fact that a neighborhood park adjoins your subdivision.

"The Board would like to have in writing your acceptance or rejection of their offer of $40,000 for the ten acres by March 1, 1963, if possible. I will be looking forward to hearing from you in the near future."

Apparently plaintiff and defendants failed to agree upon the value of the property, and plaintiff commenced condemnation proceedings.

Defendants asked permission to examine Supervisor Carmen Perino as to the circumstances under which the letter dated February 15, 1963, was written. The trial court sustained an objection to this procedure, and defendants assert error upon the ground they had the right to show whether the following language used in the letter, "the possibility of the Board paying a total of $40,000 for the ten acres," constituted an independent statement of value. If so, they contend, the letter would be evidence of an admission of value despite the fact that on its face it appears to be an offer of compromise.

Defense counsel made the following offer of proof:

"We submit if the Court had allowed us out of the presence of the jury to examine Mr. Carmen Perino, a member of the Board of Supervisors of the County of San Joaquin and also chairman of the Park Site and Recreation Committee who at said time was under subpoena by the defendant land owners and in court, we could have established by said testimony the following:

"That the Board of Supervisors as a public entity does not offer to pay or pay a property owner in a condemnation proceeding more than the fair market value of same as established by appraisal or their independent judgment; except in such cases where it is possible to avoid litigation, the Board of Supervisors will offer a normal amount over said market value to avoid said litigation."

. ▮ We find no error in the trial court's refusal to admit parole evidence for the purpose of interpreting the letter. The trial judge advised counsel when making his ruling: ". . . the Court concluded after considering the points and authorities that we were concerned with something in the nature of an offer of compromise which was clear on its face and it did not contain an admission, and that therefore the document spoke for itself . . . ."

We think this is a fair interpretation of the letter, which says that the board's appraiser submitted a value of $22,500 for the 10 acres, that defendants placed a value of $60,000 on the property, and that the board offered $40,000. There is no ambiguity or uncertainty on the face of the instrument, and under these circumstances extrinsic evidence is inadmissible. (18 Cal.Jur.2d, Evidence, § 263, p. 748.) Particularly is this so where the offer of proof is argumentative, at best.

Moreover, we conclude that a statement of value made in these circumstances is inadmissible. Defendants rely upon *People ex rel. Dept. Public Works v. Forster,* 58 Cal.2d 257, 263-267 [23 Cal.Rptr. 582, 373 P.2d 630]; *People ex rel. Dept. Public Works v. Glen Arms Estate, Inc.,* 230 Cal.App.2d 841, 864 [41 Cal.Rptr. 303]; *People ex rel. Dept. Public Works v. Graziadio,* 231 Cal.App.2d 525, 532 [42 Cal.Rptr. 29], which hold that in condemnation actions an independent statement of value made in an offer of compromise is admissible. It seems clear from the Law Revision Commission notes and the annotations to Evidence Code section 1152[1] that these very

---

[1] Comment—Law Revision Commission appearing in the annotation to Evidence Code section 1152 reads: "The words 'as well as any conduct

cases motivated the Legislature in 1965 to enact legislation making offers of compromise of this nature inadmissible, certainly inadmissible as direct evidence. Witkin, in his work California Evidence (2d ed. 1966) pages 337-338, concludes that the effect of the Evidence Code is to nullify the rule of *Forster* upon which defendants rely. He says: "The *Forster* rule was criticised by the Commission as placing a premium on the form of the statement and inhibiting the 'complete candor between the parties that is most conducive to settlement.' (Ev. C. 1152, Comment) Accordingly Ev. C. 1152(a) abolishes the rule by making inadmissible not only the offer, etc., but also 'any conduct or statements made in negotiation thereof.' "

Defendants point out that this case was tried October 19 to 21, 1965, while the new Evidence Code, enacted in 1965, did not become effective until January 1, 1967. However, the 1965 Legislature also enacted title 7.1 of the Code of Civil Procedure, entitled "Evidence in Eminent Domain and Inverse Condemnation Proceedings." This title and the code sections therein became effective September 17, 1965, to remain in force until January 1, 1967, at which time they became inoperative only because the substance thereof was incorporated in and became operative as part of the Evidence Code (§ 810 et seq.).

Thus, when this action was tried title 7.1 of the Code of Civil Procedure governed the introduction of evidence in condemnation cases. Looking at those sections we find that section 1270 (now Evid. Code § 813) provided, in pertinent part: " (a) The value of property may be shown only by the opinions of: (1) Witnesses qualified to express such opinions; and (2) The owner of the property or property interest being valued."

Complementing section 1270, section 1272.4, subdivision (b) (now Evid. Code § 822) provided that ". . . nothing in this subdivision permits an admission to be used as direct evidence upon any matter that may be shown only by opinion evidence under Section 1270."

Even though the letter from the board of supervisors were to be construed as an admission, it is inadmissible as direct

or statements made in negotiation thereof' make it clear that statements made by parties during negotiations for the settlement of a claim may not be used as admissions in later litigation. This language will change the existing law under which certain statements made during settlement negotiations may be used as admissions. *People* v. *Forster,* 58 Cal.2d 257 [23 Cal.Rptr. 582, 373 P.2d 630] (1962). . . . The rule of the *Forster* case is changed by Section 1152 because that rule prevents the complete candor between the parties that is most conducive to settlement."

evidence of value under section 1272.4, subdivision (b), and section 1270 because it is not the expression of a witness qualified to express an opinion as to value. Defendants argue that even if not admissible as direct evidence, the letter and Perino's testimony should have been admitted as impeaching evidence. The offer of proof was not predicated on this ground of admissibility; it was offered as direct evidence. Furthermore, no evidence that it would impeach is called to our attention.

The judgment is affirmed.

Conley, P. J., and Gargano, J., concurred.